IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Genuine Truth Banner, | C/A No. 6:24-cv-06053-JD-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Felecia McKie, | |
| Defendant. | |

This matter is before the court on a motion to proceed *in forma pauperis* filed by the plaintiff (doc. 2). The plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, seeking money damages and injunctive relief from the defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## ALLEGATIONS

This is a § 1983 action filed the plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and located at Broad River Correctional Institution (doc. 1). The plaintiff alleges violations of his First Amendment rights by the defendant (*id*. at 4). The plaintiff alleges that he was assaulted in 2020 by SCDC employees and that he filed a request to staff member ("RTSM") form about the assault upon arrival at Kirkland (*id*. at 6). The plaintiff contends that he asked Deputy Warden Hollis about his complaint and was informed that it was forwarded to police services, but the plaintiff did not receive a response (*id*.). In November 2020 and April 2021, the plaintiff filed additional RTSMs, but they were also not answered (*id*.). The plaintiff then filed a complaint pursuant to 28 U.S.C. § 1983 and noted that he was

prevented from exhausting his administrative remedies (*id*. at 6–7). During that case, the defendant provided an affidavit full of "blatant lies and countless misrepresentations" (*id*. at 7). The plaintiff contends that based on the defendant's false affidavit, the United States District Court improperly dismissed his case for failure to exhaust (*id*.).

The plaintiff contends that the defendant's actions violated his First Amendment rights because she lied about his attempts to exhaust his administrative remedies (*id*. at 8). The plaintiff also contends that the defendant intentionally misled the court in her affidavit (*id*.). The plaintiff's injuries include being prevented from seeking relief in the United States District Court and emotional distress (*id*. at 9). For relief, the plaintiff seeks money damages and injunctive relief (*id*.).

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As noted above, the plaintiff has filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (doc. 2). However, the plaintiff is subject to the "three-strikes" rule of the Prisoner Litigation Reform Act ("PLRA"), which provides:

> In **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Regardless of dismissal being with or without prejudice, a "strike" is based on the dismissal basis alone. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727.

Here, the plaintiff has more than three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g). *Banner v. Daniels-Moore, et al.*, C/A No. 6:23-cv-00570-JD, 2023 WL 7284849 (D.S.C. Nov. 3, 2023) (dismissing civil action for failure to state a claim); *Banner v. Anderson, et al.*, C/A No. 6:21-cv-03738-JD-KFM, 2022 WL 1537320 (D.S.C. May 16, 2022) (dismissing civil action for failure to state a claim); *Banner v. Spartanburg Cnty., et al.*, C/A No. 7:21-cv-01576-JD, 2021 WL 4227547 (D.S.C. Sept. 16, 2021) (dismissing civil action for failure to state a claim), *appeal vol. dismissed* C/A No. 21-7425 (4th Cir. Nov. 1, 2021); *Banner v. Cnty. of Spartanburg, et al.*, C/A No. 7:21-cv-00743-JD, 2021 WL 4227475 (D.S.C. Sept. 16, 2021) (dismissing civil action for failure to state a claim), *appeal vol. dismissed* C/A No. 21-7412 (4th Cir. Nov. 1, 2021). Of note, even though the plaintiff did not proceed *in forma pauperis* in the prior cases, 28 U.S.C. § 1915(g) does not require that prior actions proceed *in forma pauperis*; instead, it requires only that the prior actions were filed while the plaintiff was incarcerated and dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *Crocker v. Sterling*, C/A No. 4:24-cv-02849-TMC-TER, 2024 WL 3279007, at *1–2 (D.S.C. May 10, 2024), *Report and Recommendation adopted by* 2024 WL 3274684 (D.S.C. July 2, 2024) (citing *Passarella v. Cardinal Fin. Corp.*, C/A No. 5:19-cv-00434-FL, 2021 WL 134609, at *1 (E.D.N.C. Jan. 13, 2021) (noting that the

plaintiff's prior cases met the predicate for application of § 1915(g) based on the dismissal ground and regardless of fee being paid in the three prior cases); *Jackson v. Aldridge*, C/A No. 3:22-cv-00443, 2023 WL 6016354, at *4 (S.D. W. Va. June 12, 2023) ("paying [the fees] does not prevent the imposition of a strike if the case is ultimately dismissed for one of the reasons set forth in § 1915(g). The prohibition in Section 1915(g) is triggered once a prisoner has accumulated three strikes, regardless of whether or not the fees were eventually paid in the cases that were dismissed."), *Report and Recommendation adopted by* 2023 WL 5320777 (S.D. W. Va. Aug. 18, 2023)). Accordingly, the plaintiff has received at least three dismissals which count as strikes. The three-strikes rule was enacted to bar prisoners, such as the plaintiff, from pursuing certain types of federal civil litigation without prepayment of the filing fee. As such, the plaintiff is barred from proceeding in this action *in forma pauperis* unless he has plausibly alleged that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Hall v. United States of America*, 44 F.4th 218, 227–29 (4th Cir. 2022) (noting that allegations of imminent harm based upon delayed or denied medical care can be dismissed when the allegations are "wholly conclusory and lack some basis in the record or complaint"). The imminent danger exception to § 1915(g)'s "three strikes" rule is to be narrowly construed and a plaintiff must allege imminent danger at the time the complaint was filed, not that the plaintiff has faced imminent danger in the past. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished per curiam opinion). Here, the plaintiff has not alleged any imminent danger of harm. Indeed, the plaintiff's complaint involves events from years before this case was filed (*see* doc. 1). Further, being denied access to file a grievance and having a lawsuit dismissed for failure to exhaust are insufficient to form a basis of imminent danger for the instant matter. As such, the plaintiff's complaint fails to allege that he was in imminent danger of harm at the time this action was filed; thus, the undersigned recommends that the plaintiff's motion to proceed *in forma pauperis* be denied.

## **RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiff's motion to proceed *in forma pauperis* (doc. 2) be **denied**. Should the United States District Judge adopt this recommendation, it is recommended that the plaintiff be provided twenty-one (21) days to pay the filing fee of $405.00 or the case will be dismissed.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

November 13, 2024
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).